UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Charles Edward Upson, | ) C/A No. 9:17-1406-MGL-BM |
|---|---|
| Petitioner, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| Warden Scott Lewis, | ) |
| Respondent. | ) |

Counsel for Petitioner, Charles Edward Upson, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. Petitioner is an inmate incarcerated at the Perry Correctional Institution, part of the South Carolina Department of Corrections (SCDC).

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in the above-captioned case pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (AEDPA). This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons set forth below, the undersigned finds that this Petition must be dismissed.

## Discussion

Petitioner was indicted in Aiken County in August 2004 for burglary in the first degree (Indictment No. 04-GS-02-1366). After a jury trial (in which Petitioner was represented by Public Defender David Mauldin, Esquire) on August 9-11, 2004, he was found guilty as charged and was sentenced to thirty-two (32) years imprisonment. See Upson v. Warden of Ridgeland Corr. Inst.,

No. 9:12-98-MGL, 2013 WL 5145220, at *3 (D.S.C. Sept. 12, 2013). His grounds for relief in the present Petition are ineffective assistance of counsel and that the trial judge failed to grant a directed verdict of acquittal in light of insufficient evidence of guilt, violating Petitioner's Due Process Rights under the 4th and 14th Amendments. Petition, ECF No. 1 at 6 and 8. Petitioner requests that his conviction be overturned and/or a new trial be granted on the merits. Id. at 16.

However, Petitioner (proceeding pro se) already filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 5, 2012, challenging the same Aiken County conviction and sentence he challenges in the present Petition. On July 11, 2012, the court received a document titled "Notice for Case to be Dismissed Without Prejudice," which was construed as a Motion to Dismiss, and which was granted on July 13, 2012. However, after receiving letters from Petitioner stating he had not filed a Motion to Dismiss, the court reopened that case on September 7, 2012, following which the Respondent renewed a previously filed Motion for Summary Judgment on September 7, 2012. A Roseboro[1] Order was then issued on September 11, 2012; Petitioner filed an additional letter on September 28, 2012; and then filed a response in opposition to summary judgment on October 16, 2012. On April 12, 2013, the undersigned issued a Report and Recommendation recommending that Respondent's Motion for Summary Judgment be granted and that the petition be dismissed with prejudice. Petitioner was advised of his right to file objections to the Report, and he timely filed objections on May 6, 2013. Thereafter, on September 12, 2013, the Honorable Mary G. Lewis, United States District Judge, granted the Respondent's motion for summary judgment and dismissed Petitioner's petition. See Upson v. Warden of Ridgeland Corr. Inst., 2013 WL 5145220, at *1.

---

[1] Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

"Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or [a 28 U.S.C.] § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(C); see §§ 2244(b)(3)(B), (D).

Felker v. Turpin, 518 U.S. 651, 657 (1996).

Since Petitioner's first § 2254 petition (Civil Action No. 9:12-98-MGL) was decided on the merits, his present Petition is successive and must be summarily dismissed because there is no indication that Petitioner requested and received permission from the United States Fourth Circuit Court of Appeals before he submitted it to this Court. See Slack v. McDaniel, 529 U.S. 473, 485-89 (2000) [to qualify as a "successive" petition, prior petition must have been adjudicated on the merits].[2]

Even if Petitioner may be attempting to bring this successive petition on grounds not raised in his original petition, under the AEDPA an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) without first receiving permission to do so from the appropriate circuit court of appeals,[3] as the "gatekeeping" mechanism

---

[2] The issue of successiveness of a habeas petition may be raised by the court sua sponte. Rodriguez v. Johnson, 104 F.3d 694, 697 n. 1 (5th Cir. 1997); Simmons v. South Carolina, C/A No. 6:14-4803-RBH, 2015 WL 2173233, at *4 (D.S.C. May 8, 2015) (adopting and incorporating Report and Recommendation).

[3] A petitioner may be able to present a claim for the first time in a successive habeas petition
(continued...)



3

of 28 U.S.C. § 2244(b)(3)(A) provides that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."[4] See In re Williams, 364 F.3d 235, 238 (4th Cir. 2004) [the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals"]; In re Fowlkes, 326 F.3d 542, 544 (4th Cir. 2003) ["Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [the Fourth Circuit Court of Appeals] under the standard established in section 2244(b)(3)(C)."]; United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003)["In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."].

Petitioner, citing McQuiggin v. Perkins, 133 S.Ct. 1924, 1931 (2013), appears to argue that he may bring this successive petition because he allegedly is actually innocent[5] of the

---

[3](...continued)
where the claim relies on a new rule of constitutional law, see 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the petitioner can make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(I) and § 2244(b)(2)(B)(ii). See Evans v. Smith, 220 F.3d 306, 323 (4th Cir. 2000). Even if a petitioner's grounds for relief satisfy these strict requirements, however, the Fourth Circuit is still the proper tribunal to make that decision when authorization is requested, not the district court. "The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

[4]Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts reiterates this requirement, stating that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals, authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

[5]Cognizable claims of "actual innocence" are extremely rare and must be based on "factual
(continued...)



4

crime charged. ECF No. 1 at 14-15. However, there is no indication that McQuiggin would affect the rules or analysis applicable to a successive § 2254 petition. See McQuiggin, 133 S.Ct. at 1934 [describing exception as applicable to untimely first federal habeas petitions]; In re Warren, 537 F. App'x 457, 457–58 (5th Cir. 2013)[holding McQuiggin did not apply to successive petitions]; Ruff v. Perdue, No. 3:13–cv–104, 2014 WL 4084326, at *5 (N.D.W.Va. Aug. 19, 2014)[adopting report and recommendation stating: "[N]othing in McQuiggin allows petitioner to repeatedly attempt to attack his ... conviction and sentence on the same grounds, through successive § 2244 or § 2255 motions, let alone via a § 2241 motion."].

The United States Supreme Court has explained that "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." Gonzalez v. Crosby, 545 U.S. 524, 530 (2005). Here, there is no indication that Petitioner has received permission from the Fourth Circuit Court of Appeals before filing the present Petition. Consequently, this Court has no jurisdiction to consider the instant § 2254 Petition. See In re Williams, 444 F.3d at 236-37 (4th Cir. 2006); United States v. Winestock, 340 F.3d at 205 (4th Cir. 2003).

---

⁵(...continued)
innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004). To present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995); see Doe, 391 F.3d at 161 [quoting Schlup for the evidentiary standard required for a court to consider an actual innocence claim].

5

## Recommendation

Based on the foregoing, it is recommended that the instant Petition for a Writ of Habeas Corpus be summarily dismissed without prejudice and without requiring Respondent to file a return.

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

August 14, 2017
Charleston, South Carolina

6

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>  Robin L. Blume, Clerk
>  United States District Court
>  Post Office Box 835
>  Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

